### Missouri, Kansas & Texas Railway Company of Texas v. Mrs. Mollie E. Ferris et al.

#### Decided March 21, 1900.

**1. Jury—Credibility of Witnesses.**

The verdict of a jury will not be disturbed on appeal, where supported by testimony of witnesses, though opposed to the apparent preponderance of evidence, and though the witnesses credited by them were interested.

**2. Death—Damages.**

Verdict for $10,000 in favor of widow and children of a tenant farmer, thirty-nine years of age, killed through negligence of defendant, sustained as not excessive.

**3. Charge—Conjunctive and Disjunctive—Error or Omission.**

A charge submitting question of contributory negligence on the part of one killed by a train at a highway crossing, in case he "failed to look *and* listen," was incomplete in that a negligent failure to do either. might defeat recovery; but was not incorrect as far as it went, nor ground for reversal in the absence of a request supplying the omission.

4. Requested Instructions—Ignoring Issue—Contributory Negligence—
   Discovered Peril.

Charges submitting the issue of contributory negligence as a defense were properly
refused where the evidence presented the question of right to recover nothwith-
standing, by reason of defendant's negligence after discovered peril,—which issue
such charges ignored; though the court refused to submit the issues arising upon
discovered peril, this did not justify the plaintiff in ignoring that issue in requesting
charges.

APPEAL from Bastrop.   Tried below before Hon. ED. R. SINKS.

From brief for appellant:   Deceased was 39 years old at the time
of his death.   From testimony of C. C. Fawcett we find that deceased
was a renter; that he usually cultivated from forty to fifty acres of
land; that he was industrious, etc.   With the help of his family he
raised on an average about ten bales of cotton per year, and from
300 to 350 bushels of corn.   Out of this comes rent, one-fourth of the
cotton, and $20 per year for corn.   He also raised a garden, and put up
usually 500 or 600 pounds of meat per year.

The engineer John Pepple, was situated upon the right-hand side
of the engine, and the undisputed testimony, to wit, that of plaintiffs'
witnesses, H. C. Walker and George Hammond, and of S. H. Spangler,
John Pepple, J. W. Slocum, and Rodger Byrnes for defendant, shows
that it was impossible for him in his proper place and in the proper dis-
charge of his duties to have seen the wagon approaching before it got
upon the track.   J. W. Slocum, the fireman, testifies as follows:   "I
was upon the left-hand side of the engine and saw the wagon approach-
ing the crossing when we were about seventy-five yards distant.   The
team was walking along and seemed to be coming towards the road
that crosses the track.   They were coming from the south.   The team
kept coming on until they stopped at the foot of the incline where it
turns up to the crossing.   They halted, if they did not come to a full
stop.   I am satisfied they stopped.   They seemed to be looking at us,
and I supposed they were stopping for the train.   I could not tell how
far we were from the crossing.   It was done pretty quick.   The col-
lision occurred a very short time after that, about a second.   When
I next saw them they were stopped about ten or fifteen feet upon the
dump.   They seemed to be stopped, and I said nothing to the engineer.
When they had stopped the second time, they hit the horses with the
lines.   Just at that time I hollered at the engineer.   We were right
upon them then, and the horses being quick, they partly got on the track
in time to be struck just back of the shoulders.   When we struck I
hollered at the engineer, 'Look out for the wagon!' or 'Look out for
the horses!'"

*B. D. Orgain* and *Brown, Lane & Garwood,* for appellant.

*J. W. Parker* and *S. L. Staples,* for appellees.

KEY, Associate Justice.—On the afternoon of January 28, 1899, James Ferris, Cass Ferris, and William Ashley started home from the town of Smithville in a wagon, and while attempting to cross the railroad track at a public crossing, a passenger train collided with the wagon and team, killing James Ferris and William Ashley and seriously injuring Cass Ferris. Thereafter, the surviving wife and children of James Ferris brought this action against the railroad company to recover damages on account of his death, charging the defendant with negligence (1) in failing to ring the bell and blow the whistle upon approaching the crossing, as required by statute; (2) running the train at an excessive rate of speed; (3) permitting a switch engine, from which steam and smoke were escaping, to remain near the crossing, frightening the team, etc.; (4) that the crossing was steep, narrow, and dangerous, and the view of the track obstructed by bushes upon and adjacent to the right of way; and (5) that the employes operating the train discovered the peril to which the deceased and his associates in the wagon were exposed, and failed to use proper care to prevent the collision.

The defendant, after entering a general denial, interposed pleas of contributory negligence, first, on the part of James Ferris himself; and second, on the part of his companions, accompanied by averments that they were all engaged in a common enterprise, and the negligence of his companions was imputable to him.

There was a jury trial, resulting in a verdict and judgment for the plaintiffs for $10,000, and the defendant has appealed.

Necessarily, the verdict involves findings of fact to the effect that the employes operating the train on the occasion in question were guilty of negligence in one or more of the particulars alleged; and that James Ferris and his companions in the wagon were not guilty of contributory negligence; and that by reason of the death of James Ferris, the plaintiffs have sustained pecuniary loss in the several amounts awarded to them by the verdict, aggregating $10,000.

Counsel for appellant vigorously assail the verdict, especially on the issues of negligence and contributory negligence, as contrary to and not supported by the evidence.

We have given these questions careful consideration; and while, in so far as the record reflects the proceedings in the court below, it seems to us that the preponderance of testimony is against the verdict, especially on the issue of contributory negligence, still, there is testimony in the record that will support the verdict. It is true that much of this testimony comes from interested witnesses; but there is evidence from other sources tending to show negligence as to the speed of the train and the failure to blow the whistle and ring the bell.

The jury were the judges of the credibility of the witnesses, and if they chose to give credence to the testimony of interested witnesses in preference to that of those not interested, they had the right to do so. The witnesses appeared before the jury, who observed their de-

meanor on the witness stand and their manner of testifying; and in this way may have obtained valuable assistance in determining their credibility, which, in the nature of things, can not be and is not reflected by the transcript. Hence we overrule the assignments referrred to and hold that the finding of negligence against appellant and of non-negligence on the part of James Ferris and his associates, is supported by testimony.

Nor can we say that the verdict is so excessive as to require it to be set aside on appeal. It is a large verdict, but it is not so extremely large as to justify the conclusion that the jury were actuated by improper motives.

In charging on contributory negligence, the court used the expression, "failed to look *and* listen;" and it is contended on behalf of appellant that the charge should have read, "failed to look *or* listen."

Under the assignments raising this question, appellant submits the following proposition: "Where the evidence tends to show that by the use of either of the senses of sight or hearing, the approaching train might have been discovered in time to prevent the accident, the failure to use either sense is negligence, and to charge that there must be a failure both to look and to listen before there can be negligence, is material error."

The correctness of this proposition is not disputed, but the charge of the court did not go to that extent; it did not declare that there must be a failure both to look and to listen, before there can be contributory negligence. It told the jury that if there was a failure to look and listen, and under the circumstances a person of ordinary prudence would have done so, such failure to look and listen would constitute negligence; and so it would. But the charge did not state that the failure to do one of these things only would not also constitute negligence. In other words, there is no positive error in the charge, although it would have been more complete if it had been in the disjunctive, as well as the conjunctive; so as to make it read, "failed to look and listen, or to do either," etc., as doubtless was intended by the court.

Furthermore, appellant is not in a position to complain of the charge in this respect, because it requested a special instruction couched in the same language. The requested charge was refused, but having asked the court to charge as it did, appellant will not be permitted to complain of the charge. Railway v. Sein, 89 Texas, 63.

Objection is urged against the charge of the court because it failed to submit to the jury the question of contributory negligence, predicated upon the failure of James Ferris and his associates to stop the wagon before going upon the track. Though the pleadings and evidence made this an issue in the case, it was not reversible error for the court to omit to charge upon it in the absence of a properly prepared requested instruction. Railway v. Eberheart, 91 Texas, 324. On this subject appellant asked the following charge, which was refused:

"It is the duty of one approaching the railroad crossing to exercise

the care and prudence that a man of ordinary care would exercise under the same circumstances, and if you should believe that in the exercise of such care it was the duty of James Ferris to have stopped before driving upon said railway, and that he failed to do so, or if you should find that in the exercise of such care it was his duty to look and listen for an approaching train, and that he failed to do so, and you should find that under all the circumstances he was negligent and that such negligence contributed to the injury complained of, you will return a verdict in favor of the defendant."

This charge was properly refused, because there was one ground upon which the plaintiffs sought a recovery and which there was testimony tending to support which was not affected by the contributory negligence of James Ferris and his associates, if such negligence was shown. If the occupants of the wagon, although guilty of contributory negligence, were discovered by either of the employes operating the train to be in a situation of imminent peril, as the testimony tends to show, then it was their duty to use the greatest precaution to avoid the collision, although the occupants of the wagon may have been guilty of negligence in placing themselves in that position; and the failure of those operating the train to use the degree of care referred to under the circumstances stated, would entitle plaintiffs to recover, notwithstanding the previous negligence of James Ferris and his associates. Sanches v. Railway, 88 Texas, 117. Therefore, the requested instruction was properly refused. City of Dallas v. Jones, 93 Texas, 38.

For this latter reason, if for no other, we think the court properly refused all the instructions requested upon the subject of contributory negligence. The evidence raised the issue of the occupants of the wagon being discovered in a position of imminent peril and the duty of appellant to exercise all reasonable care to avoid injuring them, notwithstanding their own contributory negligence; and none of the requested instructions submitted by appellant conformed to this theory. It is true, the court did not submit this latter phase of the case to the jury, although appellees requested a charge applicable thereto. However, the failure of the court to affirmatively submit to the jury this theory of the case did not warrant appellant in ignoring it in the preparation of requested instructions. These instructions should have conformed to the case made by the pleadings and evidence, regardless of what may have been omitted from the general charge given by the court.

There are other questions presented in the briefs, which we deem it unnecessary to discuss in this opinion. We have duly considered them all, and have reached the conclusion that no reversible error has been shown.

*Affirmed.*

Writ of error refused.