Gulf, Colorado & Santa Fe Railway Company v. C. A. Minter.

Decided March 7, 1906.

**1.—Negligence—Release.**

Evidence in case of section foreman injured by collision of handcar with train considered and held to support findings of negligence by defendant in omitting train signals on approaching a cut, and of due care by plaintiff, and of the invalidity of a release of claim for damages because the contract of settlement was not performed by defendant.

ON MOTION FOR REHEARING.

**2.—Contract—Release of Damages—Charge.**

An instruction holding plaintiff precluded from recovery of damages if he executed a release of his claim therefor in consideration of reemployment

which he thereupon took, was properly refused where it ignored the issue, made by the evidence, that a part of the consideration for such release was to be the payment of plaintiff for full time while incapacitated from labor by his injuries and defendant had not so paid him.

### 3.—Requested Charge.

A requested instruction, in order that its refusal should constitute error, should be accurate, and it is not the duty of the trial court to correct it and reduce it to proper form.

### 4.—Release—Consideration.

Where the consideration of a release of damages was a payment to be made to plaintiff, and not merely an agreement to pay, failure to make payment avoids the release; the injured party may sue for his entire damages, and is not remitted to suit for the sum agreed to be paid.

Appeal from the District Court of Milam County. Tried below before Hon. J. C. Scott.

*J. W. Terry* and *A. H. Culwell,* for appellant.—Where it appears, as it does in this case, that the defendant would not have re-employed the plaintiff after the accident unless he had executed the release and made settlement, all of which facts were then well known to the plaintiff; and it further appearing that this was one of the considerations for the execution of the release, and that the plaintiff was re-employed only after he had executed the same, he ought to be bound thereby, and the court should have given this charge. Gulf, C. & S. F. Ry. Co. v. Minter, 11 Texas Ct. Rep., 863; Texas & M. Ry. Co. v. Sullivan, 48 S. W. Rep., 598; Carroll v. Missouri, K. & T. Ry. Co., 69 S. W. Rep., 1004.

Plaintiff's cause of action, if any, is upon such promise, and not upon the original cause of action, which was thereby settled. Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Texas, 80; Jennings v. Fort Worth, 7 Texas Civ. App., 330; East Line, etc., Ry. Co. v. Scott, 72 Texas, 70; Quebe v. Gulf, C. & S. F. Ry. Co., 10 Texas Ct. Rep., 296; Carroll v. Missouri, K. & T., 69 S. W. Rep., 1004; Texas & M. Ry. v. Sullivan, 48 S. W. Rep., 598; Kingsley v. Kingsley, 20 Ill., 203; Merry v. Allen, 39 Iowa, 235; Babcock v. Hawkins, 23 Vt., 561; Spitze v. Baltimore & O. Ry., 23 Atl. Rep., 307; Brunswick & W. R. R. Co. v. Clem, 7 S. E. Rep., 84; Fitzsimmons v. Ogden, 10 U. S., 2; Wilder v. St. Joe & L. C. Ry., 25 Atl. Rep., 896; Allison v. Abendroth, 15 N. E. Rep., 606; Woodward v. Miles, 24 N. H., 289; Hemingway v. Stansel, 106 U. S., 399; Tomlin v. McChord, 29 Ky., 4; 2d Chitty on Contracts, 1124.

*G. Tiff. Moore* and *U. S. Hearrell,* for appellee.—The consideration for the release executed by the plaintiff was either the promise of the general claim agent or the performance of the payment to the plaintiff for his lost time by reason of the injuries he sustained and the payment of one dollar and the promise of one day's labor; and the appellant's special charge No. 2, given by the court, fully covered that issue of the case. Gulf, C. & S. F. Ry. Co. v. Minter, 11 Texas Ct. Rep., 863.

FISHER, CHIEF JUSTICE.—This is a suit by the appellee against the railway company for damages resulting from injuries sustained by him from being thrown from a handcar. The appellee was a section fore-

man in the employ of appellant, and was operating the handcar in the discharge of his duties at the time he was injured.

The negligence alleged is a failure of the employes operating the freight train, which was nearing a cut, to blow the whistle or ring the bell, as required by the rules of the company.

The appellant, besides a plea of general denial, pleaded assumed risk and contributory negligence; and further, that after the accident the plaintiff and defendants made a settlement of the cause of action sued on and a release was executed by plaintiff, in consideration of $1 and an agreement to employ him for one day as section foreman at the usual rate of pay, which agreement was complied with; and, further, that if said consideration for said release was not what was stated therein, then that the full and complete consideration for the release was the acceptance by appellee of the promise of the general claim agent of the defendant company to pay him for full time during the period of disability, which promise was accepted by Minter, and which it is alleged, constituted a good and valid consideration for the release.

Verdict and judgment were in appellee's favor for $3,750. This is the second appeal of this case. On the former appeal we held that the evidence was sufficient to support a verdict in appellee's favor. The evidence here is practically the same as it was on the first trial; and we find that there is evidence to support the averments of negligence charged against appellant, and that the jury were authorized, from the facts, to reach the conclusion that the appellee was not guilty of contributory negligence, and that the injuries received were not the result of a risk assumed. The appellee did enter into a contract of release, in some respects as pleaded by the appellant, but it is contended by him that the principal consideration for the contract was the promise upon the part of appellant to pay him for the full time he lost by reason of the injuries sustained; and there is evidence tending to show that the appellant did not pay the full sum for which it was liable, and which it agreed and promised to pay, but only paid about half of that amount; that the appellee did not accept this payment and demanded the full sum he was entitled to receive, which was refused by the appellant.

There is a theory of the case which is justified by the evidence, to the effect that the appellee did not merely accept the promise of appellant to pay as consideration for the execution of the release, but that the payment should actually be made in order for the promise to be binding. We also find that there is evidence which justifies the conclusion that the verdict is not excessive.

These findings dispose of all the assignments which complain of the verdict; and also dispose of appellant's third assignment, which is based upon the refusal of the trial court to give a charge to the effect that the release was binding upon the plaintiff, and would operate as a bar to the right of plaintiff's recovery for the damages sued for.

Appellant's first assignment of error complains of the refusal of the court to give special charge No. 3, requested by it. This was one of the charges passed upon by this court in the former appeal of this case, which is found reported in 11 Texas Ct. Rep., 863. We do not construe that opinion as holding that it was error for the court to refuse to give this charge in the form it was stated, but we reversed on the ground that

it was error for the trial court to refuse to give another charge which. was refused on the first trial, but which, it appears from an .examination of the record, was given in the present case; and we are of the opinion that the issue embraced in charge No. 3 was substantially covered by the charge that was given. But however, charge No. 3 which was re- fused is not properly framed, and we so stated in the former opinion. It authorizes the jury to find on the combination of facts there stated in favor of appellant, although the plaintiff might be correct in his theory that full payment should be made for the time lost in order to result in full satisfaction. The plaintiff's contention is that he did not merely accept the promise of the appellant to pay, but that the performance of the promise was one of the essential conditions entering into the contract of settlement. Charge No. 3, which was refused, omits this feature of the case.

We have carefully considered all the remaining assignments of error, and find that none are well taken. Therefore, the judgment is affirmed.

*Affirmed.*

### OPINION ON REHEARING.

At the trial of this case the court submitted to the jury appellant's special charge No. 2, which is as follows: "If you believe from the evidence that on or about the first day of April, 1903, the plaintiff agreed with the defendant upon a compromise of his claim for the damages sued for in this cause for the sum of one dollar and the promise to employ him for one day as a section foreman, and the further promise of the general claim agent of the defendant company to pay to the plaintiff the full time lost by him on account of his injuries, the same to be ascertained by a statement of the attending physician; and if you believe that the plaintiff then and there accepted said promise and agree- ment, together with one dollar, and the employment of him for one day as a section foreman in satisfaction and discharge of his original cause of action on account of his injuries, and that he agreed and expected to look to and demand of the defendant the sum of the time lost by him on account of such injuries when same were ascertained by his physician, under said promise and agreement, and not to demand of defendant damages on account of his original cause of action as it stood before such promise and agreement was made, then you will find a verdict for the defendant."

In the opinion delivered on the first appeal of this case, we reversed and remanded for the reason that the trial court refused to give this instruction; and, as before said, on the second trial, the appeal of which we are now considering, this charge was given as above quoted. On the first trial of the case the appellant also requested the following instruc- tion, which was refused: "If you find from the evidence that in conse- quence of the settlement alleged to have been made, if you believe the same was made, the plaintiff was given employment by the defendant in consideration of such settlement, and that but for such settlement he would not have received such employment, and the plaintiff so under- stood when he signed the release and took the employment, then you will find for the defendant."

In disposing of this charge in the opinion referred to, it was stated

that although not accurate it was sufficient to call the attention of the court to the point desired to be submitted; and there is practically a statement in the opinion to the effect that if so changed to make it proper, the issue should have been submitted. At the present trial, the court again refused this instruction, and in comparing it with the charge as refused, as shown by the record in the former appeal, we find that the verbiage of the two instructions is practically the same. It is contended that as we held in the opinion disposing of the first appeal that this charge should have been given, it was error for the court to refuse it; and, further, that the charge is correctly framed and presents an issue that should have been submitted to the jury. The case as at first determined by this court was reversed on the ground that the court refused to give the charge first quoted above; and it was not the intention of the court to hold that the special charge last quoted should have been given as worded. To have so held, the court would have departed from a rule that prevails in this court, and which is established by a long line of decisions of the Supreme Court and the Courts of Civil Appeals.

In Harris v. First National Bank, 45 S. W., 313, this court, in speaking of a refused instruction, said: "While it may have been sufficient to have directed the attention of the court to the question, the Supreme Court has held, and it is now the rule that obtains in this court, that the charge requested must be accurate, and it is not the duty of the trial court to correct it and reduce it to proper form." This is substantially a quotation from Rosenthal v. Middlebrook, 63 Texas, 339; and the principle is supported by Wells v. Barnett, 7 Texas, 588; Ratliff v. Baird, 14 Texas, 48; DeForest v. Miller, 42 Texas, 36; Brownson v. Scanlon, 59 Texas, 228; International & G. N. R. R. Co. v. Leak, 64 Texas, 657; Burnham H. M. & Co. v. Logan E. & S., 88 Texas, 7; Gulf, C. & S. F. Ry. Co. v. Sheider, 88 Texas, 167; Langon v. Edwards, 26 S. W. Rep., 525; International & G. N. Ry. Co. v. Cook, 41 S. W. Rep., 666; Waco Artesian Water Co. v. Cauble, 47 S. W. Rep., 542; Milmo Nat. Bank v. Convery, 49 S. W. Rep., 729; Williams v. Yoe, 54 S. W. Rep., 614; Western U. Tel. Co. v. McConico, 66 S. W. Rep., 593; Cranfill v. Hayden, 75 S. W. Rep., 575.

The charge requested was not correct, because it omits to embrace an issue which the evidence tends to establish, and which should have been included in order to make the charge perfect. It will be seen by reference to the charge first quoted, and which was given at the request of appellant, and it is also apparent from the manner in which the case was conducted in the court below and treated here, that appellee was to receive the value of the time lost by reason of the accident, or that the promise was made to pay him that sum as a part of the consideration for the contract releasing the road from further liability. The written release, as found in the record, does not in terms state that the Railway Company was to pay appellee the value of the time lost as a part of the consideration, nor does it contain a promise that such payment would be made; and on the trial of the case it does not appear that any objection was made to the introduction of the evidence tending to establish the fact that a promise was made, or the fact that such payment should be made before the release would be-

come effective, on the ground that such evidence introducing the additional consideration, would tend to vary, control or establish a different contract from that called for in the written agreement.

In the trial below, as well as here, the parties have treated the payment for such time lost, or the promise to pay for such time lost, as a part of the consideration; and in passing upon this question, we will treat it in a like manner. There is no dispute in the evidence but that the Railway Company promised to pay the appellee for the value of the time lost; but the dispute arises as to how much this sum was, and also as to whether the contract was that merely the promise was made and was solely relied upon by the parties, or whether in addition to the promise payment should be actually made for the full time lost in order for the contract to become effective. The Railway Company contends that merely the promise to pay was made, and that if there has been any breach of the agreement in this respect, appellee's remedy would be to sue for the amount he is entitled to, and the effect of the breach would not be to avoid the contract of release in toto.

The appellee contends, that, according to his theory, which we have held has some evidence to support it, in order for the promise to be binding, payment for the full sum due should have been made; and upon this point we desire to say that there is evidence in the record which shows that the railway company did not pay nor tender to the plaintiff the full amount that he was entitled to, but refused to make such payment. Now the special charge as requested and which was refused, ignores this phase of the case. It authorizes a verdict in favor of the appellant merely on the ground that the plaintiff was given employment in consideration of the settlement, and that but for such settlement he would not have received such employment, and that the same was understood by the plaintiff when he signed the release. This all might be true, but still the plaintiff would be entitled to recover if the additional consideration was an element of the contract and the case as submitted, as is contended for by him. The plaintiff could very well have said that "It is true, you did give me employment in consideration of the settlement, and but for the settlement I would not have received the employment, and I so understood at the time that I signed the release; but in consideration of these things I did not waive my right to demand the execution of that part of the contract wherein it was agreed that the sum due for the lost time should be actually paid, in order for the written promise to be binding."

If there had been no element in the case that payment should have been actually made, in order for the agreement to become effective, the special charge should have been given; or if the charge had been submitted upon the theory that the facts therein stated were all that was agreed to, it would have been sufficient.

The following authorities, among others, Missouri, K. & T. Ry. Co. v. Ferris, 55 S. W. Rep., 1119; Cotton States Building Co. v. Jones, 60 S. W. Rep., 587; Galveston, H. & S. A. Ry. Co. v. Jackson, 93 Texas, 266; Building Co. v. Jones, 94 Texas, 497, announce the principle, but not in the language here stated, that a phase of a case important to be considered, can not be ignored by a special instruction when the evidence is such that, if it is considered, would or might de-

feat a recovery upon the theory presented in the special charge. A charge so framed as to ignore such an important fact would be incomplete, or would have the effect of authorizing a verdict upon a partial or one-sided view of a question.

The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.