RELIABLE STEAM LAUNDRY v.
SCHUSTER.

(Court of Civil Appeals of Texas. Amarillo.
July 5, 1913.)

1. TRIAL (§ 242*)—INSTRUCTIONS—NECESSITY OF REQUEST.

In an instruction that an act becomes the proximate cause of an injury whenever such "act" is the natural and probable consequence of the act in question, the inadvertent use of "act" instead of "injury" could not have misled the jury, and could not be complained of by a party who did not ask a special charge correcting the language used.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 569–576; Dec. Dig. § 242.*]

2. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS.

Under an assignment of error complaining of a charge that a vice principal was one having authority to hire, direct, and discharge employés, or to whom the employer delegated a duty owing to the employés, and that, where one employé was placed under the control of another by an employer, the orders of the employé so placed in control respecting the work coming within the scope of such authority were the employer's orders, and his acts, directions, instruction, or conduct were the acts, instructions, and conduct of a vice principal, a proposition that it was reversible error to give an erroneous definition of who was a vice principal, when the charge imposed a greater duty upon the master than was warranted by law, and in going further than to say that a vice principal must have authority to employ or discharge, did not make the error complained of specific and plain.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. MASTER AND SERVANT (§ 294*)—ACTIONS— INSTRUCTIONS—"VICE PRINCIPAL."

In an employé's action for injuries, it was proper to charge that a "vice principal" was one who had authority to hire, direct, and discharge employés, or to whom the employer delegated a duty owing to the employés, that, where one employé was placed under the control of another by an employer, the orders of the employé so placed in control respecting the work coming within the scope of such authority were the employer's orders, and that his acts, directions, instruction, or conduct were the acts, instructions, and conduct of a vice principal.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1157, 1161, 1162–1167; Dec. Dig. § 294.*

For other definitions, see Words and Phrases, vol. 8, pp. 7313–7316.]

4. MASTER AND SERVANT (§ 291*)—ACTIONS— INSTRUCTIONS—BURDEN OF PROOF.

In an employé's action for injuries, where it is not clear that contributory negligence has been shown, as a matter of law, the court should charge that the burden is on the defendant to prove contributory negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1133, 1134, 1136–1146; Dec. Dig. § 291.*]

5. MASTER AND SERVANT (§ 153*)—LIABILITY FOR INJURIES—DUTY TO INSTRUCT.

It is the primary obligation of an employer to instruct a minor employé as to the dangers of the employment; but, if the minor at the time of his employment knows the nature and extent of the danger, and his judgment is sufficiently mature to appreciate the risk, or if he subsequently becomes aware of the fact and extent of the danger, and has the discretion to properly weigh his liability to injury therefrom, the employer is relieved from liability for his failure to give such instruction.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 314–317; Dec. Dig. § 153.*]

6. MASTER AND SERVANT (§ 286*)—ACTIONS FOR INJURIES—QUESTIONS FOR JURY.

Whether a minor employé's discretion was sufficiently developed at the time of an injury considering his knowledge and experience to appreciate the extent of the risk so as to relieve the employer of liability for his failure to instruct as to dangers of the employment is a question of fact for the determination of the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

7. MASTER AND SERVANT (§ 139*)—LIABILITY FOR INJURIES—"PROXIMATE CAUSE."

The act of a vice principal in doing work in a negligent manner, although noticed and observed by a minor employé, who was thereby influenced to do such work in the same negligent manner when subsequently directed to do such work, was not the proximate cause of the employé's injuries sustained by doing the work in such negligent manner, since a party cannot be held responsible for the consequences of an act which ought not reasonably to have been foreseen, and the "proximate cause" of an event is that which, in a natural and continuous sequence unbroken by any new cause, produces the event, and without which the event would not have occurred.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 275, 282, 289, 296; Dec. Dig. § 139.*

For other definitions, see Words and Phrases, vol. 6, pp. 5758–5769; vol. 8, p. 7771.]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Action by Annie Schuster against the Reliable Steam Laundry. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Bryan, Bartholomew & Stone and W. R. Sawyers, all of Ft. Worth, for appellant. Slay, Simon & Wynn, of Ft. Worth, for appellee.

HALL, J. Appellee filed this suit in the district court of Tarrant county to recover damages for personal injuries. The allega-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

tions in her petition, succinctly stated, are as follows:

On November 13, 1911, plaintiff was employed and had been employed by defendants for four months in working around the mangle in defendant's steam laundry, receiving and folding the linen and laundered articles after they had been laundered by said mangle. That on said date she was directed by said defendant to assist in stringing said mangle, said operation being performed by winding the strings around the rollers of said mangle, said rollers revolving around a solid piece of iron, and in stringing the rollers it was customary to tie a piece of cloth on one of the strings and start it under the first roller, intending it to roll under all of them to the other end of the mangle, carrying the string with it, but that the cloth in this instance stopped after passing the first roller, and defendant directed the plaintiff to assist, and that plaintiff pushed said cloth under the second roller, then under the third roller, at which time her hand was caught between the roller and a solid iron base, and her hand and arm injured so that amputation was necessary at the elbow. That defendant was guilty of negligence in failing to furnish plaintiff a reasonably safe place to work, and in failing to furnish her reasonably safe machinery with which to work, and in failing to furnish her any implement or tools to be used in putting the strings under said rollers and defendant, knowing her to be a minor, was negligent in directing her to assist in the dangerous and hazardous task of stringing the mangle, without warning her of the nature and danger of such task and how to avoid it. Further, that she had seen her forelady attempting to shove the rag through as she attempted to pass it through, and that the example of the forelady in so doing was negligence on the part of the defendant. Further, that it was the custom and habit and practice of the defendant's forelady to remove the articles from between the rollers while the machine was in operation, and it was the custom of other employés, under the direction of the forelady, to likewise remove articles, and it was a further custom of defendant's forelady to pin the clothes around the rollers when they became detached, which was negligence. That she did not know the danger and extent thereof, and that she followed the example of the forelady. The defendant answered by general and special exceptions, general denial, plea of contributory negligence, assumed risk, that her injury was caused by the negligence of a fellow servant, that she was engaged in work not in the scope of her employment of her own free will, and was a volunteer. There was a trial before a jury, resulting in a verdict and judgment in favor of plaintiff in the sum of $7,500.

[1] Appellant's first assignment complains of this paragraph of the charge: "An act becomes the proximate cause of an injury whenever such *act* is the natural and probable consequence of the act in question." The use of the word "act" the second time in the sentence instead of the word "injury" is clearly an inadvertence, and could not have misled the jury. Bell v. Beasley, 18 Tex. Civ. App. 639, 45 S. W. 401; Waxahachie Cotton Oil Co. v. Peters, 94 S. W. 431. Before appellant can be heard to complain of the inaccuracy, it was its duty to have asked a special charge, correcting the language used.

[2, 3] The second assignment of error complains of the following portion of the court's main charge: "A vice principal is one who has authority to hire, direct, and discharge employés, or to whom the employer delegated a duty owing to the employés. Where one employé is placed under the control of another by an employer, the orders of said employé so placed in control respecting the work coming within the scope of such authority are the employer's orders, and the acts, directions, instruction, or conduct of said employé so placed in authority with reference to said work, over which there has been given supervision and control by the employer, are the acts, instructions, and conduct of the vice principal." The proposition following is: "It is reversible error to give an erroneous definition of who is a vice principal, when the charge of the court imposes a greater duty upon the master than is warranted by law, and in going further than to say that a vice principal must have authority to employ or discharge." Appellant has not succeeded in making the error complained of under this assignment specific and plain. The definition of a vice principal seems to coincide substantially with that given by the Supreme Court in the case of Lantry-Sharpe Contracting Co. v. McCracken, 150 S. W. 1156, in which it is held that, in order to constitute an employé a vice principal of the master, he must be clothed with the power to hire and discharge, in addition to his authority to direct and command his employés in the work being performed, and the court uses this language: "It may be stated with equal accuracy that no ruling of this court, extending over the period of more than half a century, can be found sustaining a judgment for damages for personal injuries caused by the negligence of an agent of a person or corporation, where such agent was not authorized to employ and discharge his coemployés, except in instances where such negligence related to those duties of the master which are regarded as nonassignable and nondelegable, such as furnishing the servant a reasonably safe place to work, or reasonably safe instruments with which to perform the service, or the selection of careful and competent coemployés." We think under all the evidence the court did not go too far in the definition given in the paragraph of the charge complained of under this assignment.

[4] By its third assignment appellant complains that the court erred in placing the burden of proof on the defendant to establish contributory negligence on the part of plaintiff. The rule announced in G., H. & S. A. Ry. Co. v. Gordon, 54 S. W. 635, and in G., C. & S. F. Ry. Co. v. Cooper, 33 Tex. Civ. App. 319, 77 S. W. 263, is that unless it is clear that contributory negligence was not shown as a matter of law, the court should charge the jury that the burden of proof upon this issue is on the defendants. This rule was first announced by the Supreme Court in Railway Company v. Shieder, 88 Tex. 156, 30 S. W. 902, 28 L. R. A. 538. We think the court correctly placed the burden of proof in this case. What is here said also disposes of the fourth, fifth, sixth, and seventh assignments.

[5, 6] The appellee testified that no one had ever warned her of the dangers incident to the duties which she had been directed to perform, and it was not disputed that she was a minor. It is held in the case of T. & P. Ry. Co. v. Brick, 83 Tex. 603, 20 S. W. 513, that, when the plaintiff is a minor, it is the duty of the defendant to have instructed him as to the dangers of the employment, but uses this language: "That was the primary obligation. But if the plaintiff at the time of his employment knew the nature and extent of the danger, and his judgment was sufficiently mature to appreciate the risk, or if subsequently he became aware of the fact and extent of the danger, and had the discretion to properly weigh his liability to injury from it, the receiver became absolved from the responsibility arising from the failure to give the instruction. That he knew that there was some danger is not disputed; but whether, under all the facts, his discretion was sufficiently developed at the time of the injury, considering his knowledge and experience, to appreciate the extent of the risk was not a question of law, but a question of fact which was properly left to the determination of the jury. * * * As to those under 21 years of age we have no rule of law, and as to them the question of sufficient discretion or not must, with the circumstances of the case, be left to the determination of the jury." In view of this language, we doubt if it would ever be proper for the trial judge to peremptorily instruct the jury to find for the defendant in a case of this character, where the plaintiff was shown to be a minor.

[7] The eighth and ninth assignments of error are predicated upon the action of the court in giving the following special charge, requested by appellee: "You are instructed that if you find from the evidence that Mrs. Burgess was a vice principal, as that term is defined under other portions of this charge, then you are further instructed that, if you believe from the evidence that Mrs. Burgess directed the plaintiff to assist at stringing the mangle, and if you believe that prior thereto the said Mrs. Burgess had in the presence of plaintiff, while assisting at stringing said mangle, put her fingers between said rollers, and in close proximity to the iron, in endeavoring to pass the rag to which the stringer was attached, from one roller to another, and you further find and believe that such act was noticed and observed by plaintiff, and that such act and conduct on the part of Mrs. Burgess influenced the plaintiff at the time she was directed in stringing the mangle, if you believe she was so directed to do said work in the way and manner in which she had seen Mrs. Burgess do it, if you believe she had so seen her, then you are instructed that if you believe the said Mrs. Burgess, in doing as you believe she did with reference to this matter, failed to exercise that degree of care that a person of ordinary prudence would exercise under the same or similar circumstances, and that such act on her part was the direct and proximate cause of the injury sustained by plaintiff, that plaintiff would be entitled to recover." Gaines, Chief Justice, in T. & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162, in discussing the question of proximate cause, uses this language: "But it seems to us that as applied to the law of negligence, at least, a better ground for the rule is that a party should not be held responsible for the consequences of an act which ought not reasonably to have been foreseen. In other words, it ought not to be deemed negligent to do or fail to do an act when it was not anticipated, and should not have been anticipated, that it would result in injury to any one. To require this is to demand of human nature a degree of care incompatible with the prosecutions of the ordinary avocations of life. It would seem that there is neither a legal nor a moral obligation to guard against that which cannot be foreseen, and under such circumstances the duty of foresight should not be arbitrarily imputed. * * * It is admitted that the rule is difficult of application. But it is generally held that, in order to warrant a finding that negligence or an act not amounting to wanton wrong is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances." In the first place, there is not a syllable of testimony in this case showing that Mrs. Burgess was negligent in stringing the rollers, but we must conclude, from the fact that the record fails to show she was ever injured in doing so, that she had not been guilty of negligence; but we think this charge was improper and prejudicial, even if the record disclosed by affirmative proof that Mrs. Burgess, in superintending the machine, had been guilty of negligence, for the reason that appellee's injuries could not be held to

be the natural and probable result of Mrs. Burgess' act.

"The term 'natural,' as applied to the consequences of an act, properly implies that they are such as might reasonably have been foreseen, or such as occur according to the ordinary course of events. A natural cause is such a cause as, having operated through a natural sequence of events, has produced the particular results. Natural consequences are such as follow according to the usual and ordinary course of things. Natural consequences do not necessarily include all such as, upon a calculation of issues, would be found likely to occur, or such as extreme prudence might anticipate, but only such as ensue from the original act, without any such extraordinary coincidence or conjunction of circumstances as that the usual course of nature should seem to have been departed from." Eighth American & Eng. Enc. of Law (2d Ed.) pp. 568, 569. It is held that the proximate cause of an event must be understood to be that which is a natural and continuous sequence, unbroken by any new cause producing the event, and without which that event would not have occurred (Wehner v. Lagerfelt, 27 Tex. Civ. App. 520, 66 S. W. 221), and that the proximate cause is that cause producing the injury that was the natural and probable consequence of the negligence complained of and that ought to have been foreseen in the light of the attending circumstances (Texas Central Ry. Co. v. Bender, 32 Tex. Civ. App. 568, 75 S. W. 561).

Measured by these rules, in our opinion, even if it had been shown that appellee endeavored to string the rollers in exactly the same manner as she had seen the forelady do that part of the work, yet the act of Mrs. Burgess, if admitted to be negligent, is neither the natural nor proximate cause of appellee's injuries.

Because of the error of the court in giving this special charge, the judgment is reversed, and the cause remanded.