## LAWSON v. HAMILTON COMPRESS CO.

(Court of Civil Appeals of Texas. Austin. Dec. 24, 1913. Rehearing Denied Jan. 28, 1914.)

1. MASTER AND SERVANT (§ 270*) — SIMILAR CONDITIONS—GUARDING MACHINERY.

In a servant's action for injuries alleging negligence in not guarding compress machinery by a railing, the admission of testimony that a witness was familiar with compresses, and that he had never seen one in which that part of the machinery was guarded by railing, was erroneous.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 913–927, 932; Dec. Dig. § 270.*]

2. APPEAL AND ERROR (§ 1052*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

The erroneous admission of such evidence was harmless, where another witness was permitted to testify to the same fact without objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. § 1052.*]

3. TRIAL (§ 253*)—INSTRUCTIONS—IGNORING ISSUES.

In an action for injury to a minor servant, plaintiff's requested charges as to his minority were properly refused, where they ignored the issue of assumed risk and contributory negligence, both of which were pleaded by the defendants.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

4. MASTER AND SERVANT (§ 218*)—ASSUMPTION OF RISK—APPRECIATION OF DANGER.

It is not sufficient that the risk assumed is obvious and presumably known to a minor servant, but he must have sufficient discretion to appreciate the danger.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 601–609; Dec. Dig. § 218.*]

5. MASTER AND SERVANT (§ 288*)—ACTION FOR INJURIES — QUESTION FOR JURY — KNOWLEDGE OF DANGER.

In the case of a minor servant, where the evidence is such that reasonable minds could not differ as to the fact that he knew and appreciated the danger or risk assumed, that issue may be ignored, but otherwise it is a fact for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068–1088; Dec. Dig. § 288.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**6. MASTER AND SERVANT (§ 218*) — ASSUMPTION OF RISK—KNOWLEDGE OF DANGER.**

Where the danger or risk assumed is obvious to a minor servant, his minority alone does not exempt him from the effect of his own negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 601–609; Dec. Dig. § 218.*]

**7. MASTER AND SERVANT (§ 153*)—MASTER'S DUTY—WARNING.**

It is the master's duty to warn a minor servant of the danger in approaching machinery about which he had not been in the line of his employment.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 314–317; Dec. Dig. § 153.*]

**8. MASTER AND SERVANT (§ 265*)—ACTION FOR INJURIES—BURDEN OF PROOF—WARNING.**

In an action by a minor servant for injuries, alleging a failure to warn him of the danger from machinery, the burden is upon the master to show that he discharged such duty.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. § 265.*]

Appeal from District Court, Hamilton County; J. H. Arnold, Judge.

Action by C. T. Lawson for himself, and as next friend of his minor son, Walter Lawson, against the Hamilton Compress Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Chris Emmett, of Victoria, and Langford & Chesley, of Hamilton, for appellant. H. E. Trippet, of Hico, and Eidson & Eidson, of Hamilton, for appellee.

### Findings of Fact.

JENKINS, J. This is a suit by C. T. Lawson for himself and as next friend of his minor son, Walter Lawson, against appellee, to recover damages for personal injuries to said minor by reason of alleged negligence of appellee. At the date of the injury Walter Lawson was nearly 19 years old; he was well grown, and was a bright and intelligent boy, and had had some experience in running machinery. He had worked in a cotton gin, and, for a short time the year previous, at the compress where he was hurt. At the time of his injury he had been instructed by the foreman of the Compress Company to go upstairs and see if he could locate a noise being made by the machinery, which noise had been made ever since the compress was erected, but which had not theretofore been located. The location of this noise was not in the line of his employment, and he had not been warned of the danger in approaching the machinery where he was injured, nor in any other respect. Appellant alleged that appellee was guilty of negligence in maintaining defective machinery, and thereby causing the floor where he was hurt to vibrate, and in permitting the same to become greasy and slippery, and in not guarding the machinery by railing. Appellant went upstairs, as instructed, together with another employé, and went upon a platform and called to the other employé, saying that he thought he had located the place of the noise. The other employé came around toward appellant, who stooped to point to the place, the machinery was in motion and an arm, which was a heavy steel beam, was brought up and came down in the vicinity of appellant. Appellant started to raise up, and in doing so slipped and extended his arm towards a post to steady himself, and the arm of the machinery struck his arm, crushing the same, so that amputation became necessary. There was a verdict and judgment for appellee.

### Opinion.

[1] 1. Appellant assigns error upon the action of the court in permitting the witness Jim Hackett to testify, over objection of appellant, that he was familiar with compresses, and that he had never seen one in which this portion of the machinery was inclosed or protected by railing. There was error in admitting this testimony. Railway Co. v. Evansich, 61 Tex. 3; Ry. Co. v. Rowland, 82 Tex. 166, 18 S. W. 96; Railway Co. v. Jones, 16 Tex. Civ. App. 179, 40 S. W. 745; Stewart v. Railway Co., 34 Tex. Civ. App. 370, 78 S. W. 979; Ry. Co. v. Smith, 87 Tex. 348, 28 S. W. 524; Ry. Co. v. Duncan, 88 Tex. 611, 32 S. W. 879.

[2] 2. This case, however, will not be reversed on account of the improper admission of the testimony above referred to, for the reason that another witness (Cantrell) was permitted to testify to the same facts without objection. Ry. Co. v. Smith, 153 S. W. 393; Ry. Co. v. Kindred, 57 Tex. 501; Lindsey v. White, 61 S. W. 440; Bonnell v. Prince, 11 Tex. Civ. App. 402, 32 S. W. 856; Green's Dig. 746 (h).

[3] 3. Appellant's second and third assignments of error as to the refusal to give special charges requested in reference to minority must be overruled, for the reason that the same ignore the issue of assumed risk and contributory negligence, both of which were pleaded by appellee. Ry. Co. v. Minter, 42 Tex. Civ. App. 235, 93 S. W. 516; Ry. Co. v. Rogers, 91 Tex. 52, 40 S. W. 958; Ry. Co. v. Lacy, 153 S. W. 415.

[4, 5] 4. Appellant assigns error upon the following portion of the court's charge: "Assumed risk is the risk ordinarily incident to an employment in which one is engaged, and an employé of a compress company assumes the risk arising from dangers or defects which are known to him, or which are obvious or discernible by ordinary observation; and in this connection you are instructed that Walter Lawson, while in the employ of the Hamilton Compress Company, assumed as matter of law all of the risks of injury that were ordinarily incident to his employment; and if you believe from the evidence that his injuries grew out of and were occa-

sioned by a risk that was ordinarily incident to the employment in which he was then engaged, you will return a verdict for the defendant." The vice in this charge is that it ignores the minority of the plaintiff, the law in reference to which was correctly stated in the special charges requested by appellant and above referred to. It is not sufficient that the danger is obvious, and therefore presumably known to the minor, but he must have sufficient discretion to appreciate the danger; and this is a fact to be determined by the jury, and should be submitted to them in the charge of the court. Allen v. Shook, 160 S. W. 1091, decided at the present term of this court; Ry. Co. v. Brick, 83 Tex. 600–604, 20 S. W. 511; Ry. Co. v. Preacher, 59 S. W. 593–594; Laundry Co. v. Schuster, 159 S. W. 449; Oil Co. v. Gilliam, 151 S. W. 892; Henry v. McCown, 140 S. W. 1170; Manufacturing Co. v. Femelat, 79 S. W. 873; Ry. Co. v. Plummer, 57 Tex. Civ. App. 563, 122 S. W. 944.

[6] In the case of a minor, as in all other cases, the evidence may be such that reasonable minds could not differ as to the fact that he knew and appreciated the danger. In such case it would not be error for the court to ignore the issue of minority. The cases cited by appellee do not announce a doctrine contrary to that above stated. In Krisch v. Richter, 130 S. W. 186, the court said that the danger was obvious to one of his age and intelligence. In such case minority alone does not exempt from the effect of negligence. In Biscuit Co. v. Scott, 142 S. W. 67, the court said that the minor understood the working of the paper cutter, and knew of its dangers. In Over v. Railway Co., 73 S. W. 536, the issue of minority was not raised in the trial court. In Oil Mill Co. v. Barnes, 103 Tex. 409, 128 S. W. 375, 31 L. R. A. (N. S.) 1218, Ann. Cas. 1913A, 111, the injured party was not an employé of the Oil Mill Company, and the movement of the machinery by which he was injured was obvious to him; and it was held, under these circumstances, that it was not negligence in the Oil Mill Company to fail to warn him of the danger. In Freeman v. Garscia, 56 Tex. Civ. App. 638, 121 S. W. 887, it was held that where a minor possesses such a degree of intelligence as to appreciate the danger involved in his act, he is chargeable with contributory negligence, as any other person. In Whitney v. Ry. Co., 50 Tex. Civ. App. 1, 110 S. W. 70, it is said that plaintiff was of sufficient intelligence and discretion to know what he was doing and appreciate the consequences that might result from his act. In Railway v. Rodgers, 89 Tex. 680, 36 S. W. 243, it is said that the want of judgment to appreciate the danger was a question for the jury; and Railway v. Phillips, 91 Tex. 281, 42 S. W. 852, simply calls attention to the law as announced in Railway v. Rodgers. These are all of the cases from this state cited by appellee, except the case of Laundry Co. v. Schuster, supra, which is authority for the proposition hereinbefore announced by us.

[7, 8] 5. Appellee insists that the court did not err in not submitting the issue of minority, for the reason that there was no proof that appellant was not warned of the danger. There is no evidence in the record that he was warned. It is the duty of an employer in such case to give the warning, and the burden is upon him to show that he discharged this duty. Ry. Co. v. Worden, 90 Ark. 407, 119 S. W. 830; Labatt on Master & Servant, vol. 1, § 291.

6. We are inclined to agree with appellant, as asserted in his propositions under the fifth assignment of error, that there was error in the charge of the court in ignoring the issue of defective machinery, and in assuming as a fact that appellant placed his hand too near the machinery, and also that he had a large glove on his hand. To say the least of it, the charge is not clearly framed in this regard, and should be corrected upon another trial.

For the errors above indicated, the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.