## Galveston, Houston & Northern Railway Company v. Maurice Murphy.

Decided November 25, 1908.

**1.—Pleading—Amendment—Same Cause of Action.**

In a suit for damages for personal injuries, plaintiff alleged first that the defendant railroad company was guilty of negligence in placing and leaving certain torpedoes on its track without warning to plaintiff, and in failing to have a flagman remain near the torpedoes until recalled by the whistle from the train, which had placed them there, when ready to depart. In an amended petition plaintiff alleged that the negligence consisted in not having a flagman remain at the torpedo nearest to the train until recalled by whistle when the train was ready to depart. And in his last amended petition he alleged, in substance, that in the practical application and construction of the rule concerning the placing of torpedoes in defendant's business, it was the custom and practice that the flagman should be recalled just as the train was ready to depart and not before, so that had the flagman remained where the torpedoes were, on the occasion in question, he would have been plainly visible to plaintiff as he approached the train, and that the failure to have a flagman so stationed was contrary to the uniform custom and practice of the business. Held, that the

amended pleading did not set up a new cause of action but simply amplified the original pleading.

### 2.—Master and Servant—Rule—Failure to Observe—Negligence.

Without regard to the purpose for which a rule may have been promulgated by a master, a servant has the right to act on the presumption that it will be complied with by the master and his other servants, and the master is liable for damages proximately resulting from a failure to do so.

### 3.—Railroad—Torpedo on Track—Negligence.

In an action for damages by an employe against a railroad company for personal injuries caused by the explosion of a torpedo on a railroad track, pleading and evidence considered, and held to support a judgment against the company.

### 4.—Personal Injuries—Verdict not Excessive.

A verdict for $14,000 for the loss of a leg by a man forty-nine years of age, of robust health at the time of the accident, and earning about $100 per month, and who endured great mental and physical suffering, can not be held excessive.

Appeal from the 55th Judicial District, Harris County. Tried below before Hon. W. P. Hamblen.

*Baker, Botts, Parker & Garwood* and *Lane, Jackson, Kelley & Wolters,* for appellant. An amendment of pleading which introduces a new or different cause of action and makes a new or different demand not before made in the pending suit, does not relate back to the beginning of the action so as to stop the running of the statute of limitation, but is equivalent to a fresh suit upon a new cause of action, and the statute continues to run until the amendment is filed. Phoenix Lumber Company v. Houston Water Works Co., 94 Texas, 456; American Salt Co. v. Heidenheimer, 80 Texas, 344; McLane v. Belvin, 47 Texas, 493; Williams v. Randon, 10 Texas, 74; Bigham v. Talbot, 63 Texas, 271; International & G. N. Ry. Co. v. Pape, 73 Texas, 502; Union Pac. Ry. Co. v. Wyler, 158 U. S., 285, 289, 298; Whalen v. Gordon (Cir. Ct. of Appeals, 8th Cir., Northern Dist. of Iowa), 95 Fed. Rep., 314; 1 Am. & Eng. Enc. of Pleading and Practice, pp. 622, 623.

When a cause of action is based in whole or in part on a rule or right established by a written instrument, clear and unambiguous on its face, it is not permissible to vary or add to it by oral testimony or custom or practice. Eckford v. Berry, 87 Texas, 421; McMichael v. Jarvis, 78 Texas, 673; San Antonio v. Lewis, 9 Texas, 71; Hardie v. Wright, 83 Texas, 350; Abram v. G. C. & S. F. Ry. Co., 83 Texas, 65; Chatham v. Jones, 69 Texas, 749.

In order for the violation of a rule of the service to constitute actionable negligence, it must appear that such violation in the particular instance tended to infringe or defeat the substantial purposes of the rule. Texas & Pac. Ry. Co. v. Bigham, 90 Texas, 225; Texas & Pac. Ry. Co. v. Reed, 88 Texas, 448; Mexican Nat. Ry. Co. v. Mussette, 86 Texas, 708; Milwaukee Ry. Co. v. Kellogg, 94 U. S., 469; 16 Am. & Eng. Ency. of Law, pp. 436 et seq.

The test of proximate cause, applicable to the conductor's failure to send back a flagman in this case, is, whether a person of ordinary prudence, in his position, would have foreseen such injury as that to Mur-

phy as likely to ensue from the failure to have a flagman stationed under this rule, and to perform the functions as provided and contemplated by the rule. Same authorities.

When a person is expecting to encounter a danger familiar to him, and is on his guard and looking out for such danger, no circumstance will justify him in abandoning his lookout, except such as would afford a rational basis of apparent safety to a man of ordinary prudence, in the same circumstances. Choate v. San Antonio & A. P. Ry. Co., 90 Texas, 88; 91 Texas, 409; Gulf, C. & S. F. Ry. Co. v. Bracken, 59 Texas, 75; Chandler v. Meckling, 22 Texas, 44.

A person who, knowing the danger of encountering and exploding torpedoes on a railroad track and expecting to encounter them, realizing the danger thereof, carelessly sits on a push-car being operated over such track, placing his legs in a position of peculiar danger in the event that torpedoes should be encountered, and who, while in such position and keeping a lookout for torpedoes, suddenly and without sufficient reason abandons his lookout and thereupon encounters a torpedo on the track, and thereby sustains an injury to his leg, is to be deemed guilty of contributory negligence precluding recovery. Houston & T. C. R. R. Co. v. Kauffmann, 101 S. W., 817; Sabine & E. T. Ry. Co. v. Dean, 76 Texas, 74; Murray v. Gulf, C. & S. F. Ry. Co., 73 Texas, 5; Missouri Pac. Ry. Co. v. Porter, 73 Texas, 307; Hoover v. Texas & Pac. Ry. Co., 61 Texas, 504; Dallas & W. Ry. Co. v. Spicker, 61 Texas, 429; Missouri Pac. Ry. Co. v. Foreman, 73 Texas, 314; Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 163.

*Ewing & Ring,* for appellee.

FLY, Associate Justice.—Appellee recovered a judgment for $14,000 for damages resulting from personal injuries received by him while in the discharge of his duties as a section foreman in the employment of appellant. This is a second appeal of this case, the opinions on the former appeal appearing in 96 S. W., 940, and 100 Texas 490.

Appellee was a section foreman in the employment of appellant, and on May 6, 1904, while sitting on a moving handcar in discharge of his duties, the car ran over and exploded a torpedo, put on the track by the employes on a freight train which was standing on the track, and injured a leg of appellee to such an extent that amputation became necessary and was performed. It was negligence in appellant to place the torpedo on the track at the point occupied by it, without having a flagman stationed there to warn those on the hand car of its location. Appellee had kept a vigilant lookout for torpedoes, as he has reason to conclude that they had been placed on the track, but was caused to relax his watchfulness by the fact that he saw the rear end of the freight train that was on the track and knew that the rules required, when torpedoes are placed on the track, that a flagman be stationed on the track to warn those approaching. When he saw the train on the track and saw no flagman on or near the track he concluded that there were no torpedoes on the track and turned his attention to duties that devolved upon him in connection with his work. The negligence

of appellant in not having a flagman out to give warning was the direct and proximate cause of appellee's injuries.

Appellee was justified in acting on the assumption that the employes on the train would act in compliance with the rules of their employer, and to act as though there were no torpedoes on the track, and, being misled by the failure of the employes to obey the rule, was entitled to recover such damages as accrued to him by reason of such failure. There was nothing to cause him to anticipate the nonobservance of the rule. (Murphy v. Galveston, H. & M. Ry., 100 Texas, 490.)

In the first amended original petition, which was filed on April 8, 1905, it was alleged that appellant was guilty of negligence in placing and leaving the torpedoes on the track without warning to appellee and in failing to have a flagman remain near the spot where they were located until recalled by the whistle when the train was ready to depart. In the second amended petition it was alleged that the negligence consisted in not having the flagman remain at the torpedo nearest to the train, until recalled by whistle when the train was ready to depart. In the third amended original petition, upon which the trial was had, the following paragraph was added:

"That, in the practical application and construction of said rule in defendant's business, it was the custom and practice of the business, and the habit of both those charged with the enforcement of the rule and obedience to it, that the flagman should be recalled just as the train was ready to depart, and not before, but that, until then, he should remain there, as stated in the rule aforesaid, so that, had a flagman remained there on the occasion in question, he would have been plainly visible to plaintiff as he approached." In addition to the allegation, made in the other petitions, as to the failure to have a flagman being in derogation of the rule, it was also alleged that such failure was contrary to "the uniform custom and practice of the business thereunder." The paragraph together with the language last quoted contain the only additions made to the pleadings of appellee on which the cause was tried. It is the contention that those additions constituted a new cause of action, which was barred by limitation of two years, and that the court erred in not sustaining appellant's special exception to the additional averments, and in refusing a special charge which sought to have the jury disregard such allegations.

The allegations as to the "uniform custom and practice of the business" under the rule as to flagmen could have had no force or effect, except as a basis for the admission of evidence as to the customary compliance with the rule on the part of the employes, and we think that evidence would have been admissible if the additional averments of the third amendment had been eliminated altogether. The gist of the allegations in all the enumerated pleadings was that appellant had acted in such a manner under the operation of its rule as to mislead appellee and lead him to his injury; we believe that any circumstance tending to substantiate that allegation would have been authorized under the first amended petition. Circumstances that were calculated to and did mislead appellee could be proved under the general allegation that the conduct of appellant had misled appellee to his hurt and injury. One of the circumstances which would tend to mislead appellee

was the departure by appellant from its uniform manner of performing its business. The Supreme Court, in effect, held this on the former appeal of this case.

It follows from our foregoing ruling that we do not believe that a new cause of action was set up, but that the last pleading was a mere amplification of the former. There is nothing in the case of Phoenix Lumber Company v. Houston Water Company, 94 Texas, 456, relied on so confidently by appellant, that is opposed to the position of this court. In that case there was a change from an action on an express contract to an implied contract growing out of certain usages and customs. It is manifest that an action on an implied contract is totally different from one on an express contract, whether implication grew out of a custom or usage or not. As said in the decision cited: "Evidence of an express contract would not be admissible under the allegations of, and if admitted, would not establish, an implied contract, neither would the evidence from which the contract would be implied be admissible under the allegations of the original petition, nor would that evidence, if admitted, establish the existence of such a contract." In this case appellee did not change his cause of action, but merely pleaded an additional circumstance which induced him to presume that appellant would obey its own rule. The case is not applicable to this, and neither is the case of Union Pac. Ry. v. Wyler, 158 U. S., 285.

Appellant seems to misapprehend the foundation for this cause of action, and seems to labor under the conception that it is founded on a rule or right established by a written instrument. The action is not "established by a written instrument," but is based on the negligence of appellant in failing to safeguard its employe against danger and injury, and to substantiate the charge and show that appellant had not used the proper means to protect its employe against a dangerous explosive, it was pleaded that appellant had a rule which pointed out the mode of protecting such employe, which, if followed, would have protected him.

The proposition is advanced that evidence of a customary observance of the rule was not permissible, because it would vary the terms of the rule. Such a paradoxical statement finds no countenance or support, of course, in the decisions of the Supreme Court cited by appellant. The mere statement of such a proposition is a refutation of it.

No matter what the object may have been in placing a flagman as required in the rule, if his presence at the time and place as required by the rule would have prevented the injury to appellee it was negligence to fail to have him there. In the case of International & G. N. Ry. v. Gray, 65 Texas, 32, it was said: "Whilst the statutory signals to be given at road crossings are intended as warnings to persons upon the road or near the crossing, the failure to give them may be taken into consideration, together with other facts, to show want of reasonable care on the part of the company as to other parties lawfully upon the railway." The same ruling is made by the court in Galveston, H. & S. A. Ry. v. Garteiser, 9 Texas Civ. App., 456. Appellee was acting on the presumption of compliance with a rule, no matter for whose benefit it was adopted.

The sixth assignment of error is disposed of by our conclusions of

fact and, in connection with the seventh assignment of error, it may be said that the question as to whether the conductor on the train could have foreseen that damage to some one might result from his failure to obey the rule, was fully submitted to the jury, and the evidence shows that the conductor should have known the probable effect of his negligence. It was a plain failure to exercise ordinary care to observe a rule established for the protection of those passing in cars along the track, and he must have known that some one might be injured thereby. The Supreme Court apprehended no difficulty about the proximate cause in its opinion in this case.

The charges complained of in the fourteenth and fifteenth assignments of error were fully justified by the facts and enunciated the law applicable to them.

So far as the special charges embodied the law and were applicable to the facts, they were embodied in the charge of the court and the special charges requested by appellant and given by the court. Every issue in the case was clearly and ably presented by the court.

Appellee was a robust man, forty-nine years of age when injured, and was earning about $100 a month. He lost his leg about half way between the knee and hip joint and is compelled to walk on crutches. He endured great mental and physical suffering. We do not think a verdict of $14,000 is excessive. In analogous cases heavier verdicts have been sustained. Galveston, H. & S. A. Ry. v. Cooper, 2 Texas Civ. App., 43; Missouri, K. & T. Ry. v. Stinson, 34 Texas Civ. App., 285; Texarkana & Ft. S. v. Toliver, 37 Texas Civ. App., 437. The judgment is affirmed.

*Affirmed.*

Writ of error refused.