TEXAS & NEW ORLEANS RAILROAD COMPANY v. W. C. PLUMMER.

Decided November 17, 1909.

**1.—Personal Injury—Want of Knowledge—Evidence.**

In a suit for damages for personal injuries, it is permissible for a minor plaintiff to testify that he did not know of the danger in performing his work in the way he did, when he was injured. This was a matter about which he knew more than any one else.

**2.—Same—Minor—Assumed Risk.**

To charge a minor with the assumption of a risk incident to a dangerous employment, he must not only know the danger but be aware of its extent, and have sufficient discretion to comprehend and understand the risk.

**3.—Same—Contract by Parents.**

A minor's parents can not contract away his rights or relieve the master from the duty which the law imposes on him for the protection of the minor.

**4.—Charge—Construction.**

A charge must be taken as a whole, and not by fragments, in order to determine whether it is erroneous.

**5.—Personal Injuries—Minor—Charge.**

In a suit by a minor for damages for personal injuries, charge considered, and held not subject to the objection that it in effect tells the jury that they must believe both that the plaintiff assumed the risk of danger and that he was guilty of contributory negligence before they could find for defendant; nor that it gives an incorrect statement of the degree of care required of a minor.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*Baker, Botts, Parker & Garwood* and *Lane, Jackson, Kelley & Wolters,* for appellant.—The court erred in permitting the plaintiff Plummer to testify, over the objection of defendant, that he did not know that it was dangerous for him to undertake to clean the nut-

tapping machine, at which he was working, in the manner testified by him, after having taken the casing off and having started it in motion; because the very question in issue for the jury to determine was whether or not, under all the facts and circumstances, the danger of thus cleaning said machine was one which was open and obvious to a person of his age and intelligence and experience, and that it was not proper or competent for him to testify that he did not know of the danger in performing said work as he did. International & G. N. R. Co. v. Kuehn, 2 Texas Civ. App., 210; Missouri, K. & T. Ry. Co. v. Miller, 8 Texas Civ. App., 241; Baldridge Bridge Co. v. Cartrett, 75 Texas, 628; Gilbert v. Guild, 144 Mass., 601; Sterling Bridge Co. v. Pearl, 80 Ill., 251; Lawson v. Chicago, St. P., M. & O. Ry. Co., 64 Wis., 447; Bigbee Land & Cattle Co. v. Brents, 31 S. W., 695; Patterson v. Colebrook, 29 N. H., 94; 6 Thompson on Neg., secs. 7747 and 7748.

The charge instructed the jury that even though appellant warned the appellee of the risks and dangers of cleaning the machine, nevertheless if the appellee did not have the capacity to appreciate the danger, he did not assume the risk. This was erroneous, because the appellee's mother, who was his guardian (she having been separated from her husband), contracted with appellant that the appellee should enter the employ of the appellant in working in its machine shops, and therefore she impliedly assumed for herself and her child the ordinary risks of the employment. Gulf, C. & S. F. Ry. Co. v. Jones, 76 Texas, 350; Texas & P. Ry. Co. v. Brick, 83 Texas, 602.

The charge, unqualified, was erroneous, because it is not the duty of the master, absolutely, to inform the servant of the dangers of the employment, and of the extent of the dangers, and how to avoid them. If the dangers are open and obvious to the servant, and he has the capacity and experience to understand and appreciate them, the master owes him no duty to warn him. Ramm v. Galveston, H. & S. A. Ry. Co., 92 S. W., 426; Green v. Cross & Eddy, Receivers, 79 Texas, 130; Houston & T. C. Ry. Co. v. Scott, 62 S. W., 1077; Brown v. Miller, 62 S. W., 547; Ladonia Cotton Oil Co. v. Shaw, 27 Texas Civ. App., 65; 4 Thompson on Neg., sec. 4061; Fones. v. Phillips, 39 Ark., 17; Adams v. Clymer, 36 Atl., 1104; Koehler v. Syracuse S. M. C., 12 N. Y. App. Div., 50; Wagner v. Plano Mfg. Co., 85 N. W., 643.

As to assumed risk: Bollington v. Louisville & N. R. Co., 100 S. W., 850; Ramm v. Galveston, H. & S. A. Ry. Co., 92 S. W., 426; Ladonia Cotton Oil Co. v. Shaw, 27 Texas Civ. App., 65.

As to contributory negligence: Sanches v. San Antonio & A. P. Ry. Co., 88 Texas, 117; Houston & T. C. Ry. Co. v. Sympkins, 54 Texas, 618; Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 164; Coonce v. National Biscuit Co., 92 S. W., 352.

On duty of the court to instruct a verdict for defendant: Betz v. Winter, 195 Pa. St., 346, 45 Atl. Rep., 1068; Stuart v. Patrick, 30 N. E., 814; Robinska v. Mills, 174 Mass., 432; Palmer v. Harrison, 57 Mich., 182; Murphy v. Galveston, H. & N. Ry. Co., 96 S. W., 940; Groth v. Thomann, 110 Wis., 488; Fitzhenry v. Lamson, 45 N. Y. Supp., 875; Bigelow v. Danielson, 102 Wis., 470.

As to the duty of the court to submit special charge embracing group of facts applicable to defendant's theory see: Missouri, K. & T. Ry. Co. v. Rogers, 91 Texas, 58; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 638; Galveston, H. & S. A. Ry. Co. v. Washington, 94 Texas, 510; Gulf, C. & S. F. Ry. Co. v. Mangham, 95 Texas, 413; St. Louis S. W. Ry. Co. v. Casseday, 92 Texas, 525; St. Louis S. W. Ry. Co. v. Arnold, 39 Texas Civ. App., 161; Houston & T. C. Ry. Co. v. Bulger, 35 Texas Civ. App., 478.

That there is no duty incumbent upon the master to warn a minor servant of dangers connected with his employment arising from causes which are obvious, easily seen and readily understood by a person of his age and of average intelligence and discretion, see: Ramm v. Galveston, H. & S. A. Ry. Co., 92 S. W., 426; Rogers v. Galveston City Railway, 76 Texas, 502; Green v. Cross & Eddy, Receivers, 79 Texas, 130; Fones v. Phillips, 39 Ark., 17; Adams v. Clymer, 36 Atl., 1104; Koehler v. Syracuse Specialty Co., 12 N. Y. App., 50; Wagner v. Plano Mfg. Co., 85 N. W., 643; 4 Thompson on Neg., sec. 4061.

*Lovejoy & Parker,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This is a suit by W. C. Plummer, a minor, brought by Cordelia Plummer as his next friend, against the railroad company, to recover damages for personal injuries alleged to have been inflicted upon him by the latter's negligence. The trial resulted in a verdict and judgment in favor of the plaintiff for $5000.

*Conclusions of Fact.*—The evidence shows that on November 3, 1906, plaintiff, then a minor seventeen years old, while in the employ of defendant and working in its machine shops at Houston in the duty of his employment, got his right hand caught in the cogwheels of a machine called a "nut-tapper," which he was cleaning, and three of his fingers were mashed off, leaving only his thumb and index finger of which the latter was seriously injured and its use permanently impaired. The plaintiff had only been engaged in working about the machine three days prior to the accident, and had never cleaned it before, and had never been instructed by defendant or any of its servants as to how such work should be done, or informed of the danger in cleaning the machine when it was in motion. When he commenced to clean the machine it was not in motion, but when he had cleaned the part exposed, he put it in motion so as to expose parts which could not be reached unless moved by operating the machine. And while it was in motion and he was cleaning the revolving cylinders by the application of "waste" thereto, the shreds of the waste caught in a cogwheel and drew his hand between the cogs, whereby it was injured as before stated. On account of plaintiff's youth and inexperience he did not know of the danger of being injured as he was in cleaning the machine, nor was such danger obvious or apparent to one of his age and inexperience, who had never been instructed how to clean the machine nor warned of the danger

of cleaning the same while in motion.   Hence, we conclude that the
defendant was negligent in not instructing the plaintiff as to the
proper method of cleaning the machine and in not warning him of
the danger in doing such work when the machine was in motion;
that such negligence was the proximate cause of plaintiff's injuries,
and that by reason of such negligence he was damaged in the amount
found by the jury.

*Conclusions of Law.*—1.   It was not error to allow plaintiff to
testify that he did not know of the danger in performing the work
in which he was injured in the way he did.   As to whether he was
aware of the danger or not was a matter about which he knew more
than anyone else.   This was the principal issue in the case.   If he
knew of the danger, whether it was obvious to one of his age and
experience or not, his doing such work in the manner he did with
knowledge of such danger might have defeated his action.   Therefore,
it was permissible to prove the lack of such knowledge by the plain-
tiff himself.   That such testimony was not an invasion of the pro-
vince of the jury is clear.   See Galveston, H. & S. A. Ry. Co. v.
Mitchell, 48 Texas Civ. App., 381, and authorities cited.

2.   The paragraph of the charge assailed by the second assignment
is not obnoxious to the first proposition advanced.   It is certainly
the law in this State that to charge a minor with the assumption of
a risk incident to a dangerous employment he must not only know
the danger, but be aware of its extent and have sufficient discretion
to comprehend and understand the risk.   (Texas & N. O. Ry. Co. v.
McCoy, 54 Texas Civ. App., 278; Wood v. Texas Cotton Product
Co., 88 S. W., 496.)   Nor can an implication contrary to this prin-
ciple arise from the fact that the contract of employment was made
with the minor's parents.   A child has no voice in such a contract;
his duty in the matter is simply obedience to the will of his parents,
and they can not impliedly or expressly contract away his rights or
relieve the master from a duty the law imposes on him for the pro-
tection of the minor.   Nor, when the entire charge is read and con-
strued in connection with it, is the fifth paragraph obnoxious to the
second proposition advanced under this assignment.

3.   The sixth paragraph of the charge, attacked by the third as-
signment, is a correct application of the law to plaintiff's theory of
the case made by his pleadings and evidence, leaving it to the jury
to find whether the essential facts pleaded were proved, and if
proved, whether they constituted negligence, and, if so, whether such
negligence was the proximate cause of plaintiff's injuries.   It does
not eliminate the defense of contributory negligence, but requires
that the jury should believe from the evidence that plaintiff was not
guilty of contributory negligence before they could return a verdict
for him.

4.   The seventh paragraph of the charge, which is the subject of
the fourth assignment, explicitly presents the issuable facts necessary
for plaintiff to prove to entitle him to a verdict, and, in effect, plainly
tells the jury that if he has failed to establish any of them by a
preponderance of the evidence they must return a verdict for the

defendant. The objection urged by defendant is that it does not present the proposition that if plaintiff failed to exercise ordinary care in cleaning the machine, such as a person of his age and discretion would exercise under similar circumstances, he would not be entitled to recover. This is merely an omission which, if appearing in the charge taken as a whole, would not, in the absence of a requested charge supplying it, authorize a reversal of the judgment on account of it. But in the fifth paragraph the substance of the proposition, claimed to be omitted, occurs. A charge must be taken as a whole, and not in fragments, in order to determine whether it is erroneous.

5. The eighth paragraph of the charge is as follows:

"You are further instructed that if you believe from the evidence that the plaintiff knew, or had the same means of knowing as his employer, of the danger to which he would be exposed in cleaning the said machine, and further believe from the evidence that the plaintiff failed to exercise that degree of care that a man of ordinary prudence would have used under the circumstances to avoid injury from such danger, and that by reason of his omission to observe that measure of caution he was injured, he can not recover; unless, however, you believe from the evidence that at the time plaintiff was hurt he was a youth of immature judgment and inexperienced in the business in which he was employed, and that the perils of his undertaking were not communicated or known to him, and that by reason of such immaturity of judgment and inexperience and want of information as to the perils of the employment he was incapable of understanding the nature and extent of the hazards to which he was subjected; in which event, in order to prevent recovery by him, you must believe that he failed to exercise that degree of care that persons of his age, undeveloped judgment, and want of information, would ordinarily use under the circumstances. From what has been stated, you will perceive that it is not the mere fact of plaintiff's minority at the time he was hurt that would relieve from the care demanded of an adult, but such immaturity of judgment, inexperience and lack of information as has been defined to you would be necessary to relieve him from that degree of care. And in this connection you are also instructed that if you believe from the evidence that there was danger of the waste being caught in the cogs and plaintiff's hand drawn therein while he was cleaning the machine in motion, and believe that plaintiff had the discretion to understand such danger, then he assumed the same and can not recover."

It is contended under the fifth assignment of error that this part of the charge in effect tells the jury that they must believe both that the plaintiff assumed the risk of the danger, and that he was guilty of contributory negligence, before they could find for the defendant. Clearly, this is not the effect of the charge; on the contrary, it is obvious from it that he could not recover if he either assumed the risk of his injuries, or was guilty of negligence contributory to them. See Texas & P. Ry. v. Brick, 83 Texas, 600.

Again, it is urged that this part of the charge gives an incorrect

statement of the degree of care required of a minor, in that it tells the jury that plaintiff was required to exercise that decree of care that a person of his age, undeveloped judgment, and want of information would use under the same circumstances; the correct test being the exercise of that degree of care that a person of ordinary prudence of his age, undeveloped judgment and want of information would use under the same circumstances. It will be observed that the charge is almost in the exact language of the Supreme Court in Texas & P. Ry. Co. v. Brick, *supra*. Besides, we are not prepared to say that the test as to negligence of a minor is as contended for by the defendant, for it is difficult to determine who is a person of "ordinary prudence" in the application of the term to minors. Unless such a standard of conduct can be reasonably established, it would seem that the test given by the court in its charge is preferable to the one contended for by the defendant.

6.   The defendant evidently misconstrues the charge in asserting in its sixth assignment that it fails to present the issue of assumed risk, for it prominently presents the question in accordance with the law governing cases of this character. Nor does the charge, as is asserted by the seventh assignment, fail to present the issue of contributory negligence.

7.   There was no error in the court's refusing to instruct the jury, at appellant's request, that plaintiff had failed to make out a case, and for that reason to return a verdict in defendant's favor. The evidence emphatically disclosed such facts and circumstances as required the submission of the question of defendant's negligence to the jury, it not appearing as a matter of law that plaintiff's injuries resulted from a risk assumed by him as incident to his employment or that he was guilty of negligence contributing to them.

8.   So much of the special charges, the refusal of which is the subject of the ninth, tenth and eleventh assignments, as is the law applicable to the case, is embraced in the main charge. Therefore, it was not error to refuse each and all of them.

9.   The conclusions of fact dispose of the twelfth assignment, which complains that the verdict is contrary to the law and evidence.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.