### BILLINGS v. WILLIAMS et al.
(No. 1954.)

(Court of Civil Appeals of Texas. Amarillo. April 26, 1922. Rehearing Denied May 31, 1922.)

**1. Master and servant ⬅285(12)—Failure to warn youthful employee as proximate cause of injury held for jury.**

In an action by a 14 year old messenger boy against his employer, a telegraph company, for injuries in a collision with an automobile occurring when he rode his bicycle out of an alley at defendant's place of business, evidence that defendant's manager knew of the danger of suddenly riding out of this alley, and that plaintiff was inclined to be reckless, and was not warned of the danger, *held*, a sufficient case for the jury on the issue whether the failure to warn was the proximate cause of the injury.

**2. Master and servant ⬅106(1)—Duty to furnish safe place applies to work on premises of others.**

Where an employer undertakes to do work upon the premises of another, he must exercise the same degree of care for the safety of his employees that the law demands where the work was done on his own premises.

**3. Master and servant ⬅141—Approved methods and rules to lessen risk required.**

Where the work is accompanied by unusual dangers known to the employer, he must safeguard his employees by adopting approved methods of doing the work, and the promulgation of such rules as tend to lessen the danger, especially where the safety of minors is involved.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Action by Willie Billings against Oscar Williams and the Western Union Telegraph Company. From a directed verdict for the Telegraph Company, plaintiff appeals. Reversed and remanded.

Martin & Oneal and Boone & Humphrey, all of Witchita Falls, for appellant.

Orville Bullington, of Witchita Falls, and Keys & Bailey, of Mexia, for appellees.

HALL, J. The appellant, by his father as next friend, sued appellees, Oscar Williams and the Western Union Telegraph Company, to recover damages in the sum of $10,000, alleging in substance that about the 19th

day of February, 1916, appellant was in the employ of the Western Union Telegraph Company, and had been so employed for several weeks prior thereto, acting as a messenger boy, out of the local office at Wichita Falls, with instructions to deliver and carry messages and run errands for the Telegraph Company, over and upon the streets of Wichita Falls, on a bicycle, and that under said employment he was to receive these messages in a certain alley near the Kemp & Kell building, and to take said messages from said point in said alley out into the street and throughout the city and vicinity, and while so employed was required to station himself in said alley with his bicycle, ready for said service; that at the time of the accident he was a minor of tender years, being then 14 years of age; that the place where he was required to receive said messages and the routes he was required to go from said place were dangerous on account of the traffic conditions and the numerous vehicles passing along the street at the point where the alley and street intersected, and that the automobiles traveling along said street made it very dangerous for plaintiff; that the Telegraph Company knew of this dangerous condition, and knew of all the dangers to which it was subjecting the plaintiff in sending him along said route, and in not directing him and instructing him how to go along said route, and knew that the plaintiff was of tender years; that he did not know of said dangers, and said company negligently and carelessly refused to warn him of the dangers incident to his employment, and to the place thereof.

He further alleges that he did not know of these dangers, and, not being warned of them, went over said route and place at a more dangerous speed than he would have gone had he been warned of said dangers, and had he known of same, and that by reason thereof he received his injuries. He further alleges that the defendant Oscar Williams negligently and carelessly drove along said street at an excessive rate of speed, owing to the traffic conditions of said place, and negligently and carelessly, after he struck the plaintiff, dragged him some 35 or 40 feet, crushing plaintiff's head between the front end of his car and the rear and side of another automobile, and that, but for said negligence of the telegraph company in furnishing him an unsafe place to work, and but for the negligence of said company in failing to warn him of the dangers incident to the work, and but for said negligence of the said Oscar Williams in the excessive rate of speed he was traveling along said street, and his negligence in dragging plaintiff the distance he did drag him, and in crushing him between said cars, plaintiff would not have received any injury whatever, but, on account of all of said negligence of said telegraph company, the same contributed to his injury, and on account of all the negligence of the defendant Williams the same contributed to his injuries. The plaintiff further sets out in detail the extent and effect of the injuries which resulted from the accident.

The defendant telegraph company denied that any of its acts were the proximate cause of the plaintiff's injuries, or contributed to said injuries, and alleged that plaintiff was careless, not minding his business, was not watching where he was going, but was looking in the opposite direction, and attempting at that time to play a joke on a policeman by covering up the license number on the rear of his bicycle, and was therefore on a frolic of his own, and not a messenger boy, and not in the execution of his master's business; that he was riding at an excessive rate of speed, inconsistent with his own safety, which contributed to his own injuries. The defendant Oscar Williams answered, denying that any negligence on his part existed, or that it was the proximate cause of or contributed to plaintiff's injuries, and further alleged that the plaintiff's injuries were entirely due to his own negligence, or to the joint and concurring negligence of the Western Union Telegraph Company, in that the plaintiff, with the knowledge and consent of his employer, and without being warned of any danger connected with his employment, darted out of the said alley on his bicycle at a dangerous and excessive rate of speed, without giving any warning with his bell, in the pursuance of some errand or the performance of some duty for the telegraph company. He denied that it was possible for him to stop his car and avoid the collision with plaintiff, and alleged that he stopped as quickly as he could. He further alleged that the negligence of the plaintiff, taken with the concurring negligence of the telegraph company, was the sole and only cause of the injuries received by plaintiff; that the company was negligent in failing to warn the plaintiff of the dangers incident to the employment, and of the danger of darting out of the alley on his bicycle at an excessive rate of speed, and in employing a minor to do such work, and to ride his bicycle out of the alley into the street at all, and that such negligence was the proximate cause of the injuries.

Upon a trial the court peremptorily instructed the jury to return a verdict for the telegraph company, and submitted the case to the jury upon special issues as to the liability of Williams. In reply to special issues the jury found: (1) That the defendant Oscar Williams was not guilty of negligence in the manner and way he operated his automobile at the time of the accident; (2) that the plaintiff was guilty of contributory negligence in the manner and way he rode

241 S.W.—34

his wheel at the time of the accident. Amongst others, the court gave this special charge, numbered 3:

"If you believe from the evidence that plaintiff's injury was the result of the negligence of the Western Union Telegraph Company, uncontributed to by any negligence on the part of Oscar Williams, then you will answer special issue No. 1 in the negative."

The telegraph company did not plead the defense of assumed risk. The plaintiff denied that he had ever been warned by Pogenphol, or any one else, of the dangers incident to his service. Plaintiff's mother testified that Pogenphol came out to the hospital to see plaintiff, and while there remarked:

"I haven't been coaching the boys as I should have, but, believe me, I am coaching them now. I don't allow them to get on the bicycle until they get in the street."

This testimony was not denied. Pogenphol testified that he knew it was a dangerous place to come in and go out of the alley either on Seventh or Eighth street, and testified further:

"I did warn this boy. I was always in behind him particularly and had another boy by the name of Ernest Poole, and I was always reminding them that in dashing in and out they would run into an accident."

In T. & P. Ry. Co. v. Brick, 83 Tex. 598, 603, 20 S. W. 511–514, Judge Gaines said:

"That he knew that there was some danger is not disputed; but whether, under all the facts, his discretion was sufficiently developed at the time of the injury, considering his knowledge and experience, to appreciate the extent of the risk, was not a question of law, but a question of fact, which was properly left to the determination of the jury, and we may remark just here that the discretion of a minor does not always keep pace with his intelligence. His intellect may be cultivated and developed, and yet he may be more heedless than one of more tender years. Such is the difference among men that the same may be said for adults, but as to them we have a legal rule, which places them all upon the same plane. As to those under twenty-one years of age we have no rule of law, and as to them the question of sufficient discretion or not must, with the circumstances of the case, be left to the determination of the jury."

[1] The above-quoted testimony shows that Pogenphol knew of the danger, and that he also knew that the plaintiff and Ernest Poole were indiscreet, and inclined to be reckless, since he said he was always in behind the plaintiff, particularly, and was always reminding plaintiff and the Poole boy that in dashing in and out they would run into an accident. As stated, the plaintiff denied that Pogenphol had warned him. We think these facts are sufficient to require the court to submit the issues to the jury. Re-

liable Steam Laundry v. Schuster (Tex. Civ. App.) 159 S. W. 447; Hotel Dieu v. Armendarez (Tex. Com. App.) 210 S. W. 518. The appellee cites G. H. & H. Ry. Co. v. Anderson (Tex. Civ. App.) 187 S. W. 491, a case in which a call boy was injured in the railroad yards. It was shown the plaintiff in that case had previously worked for a different railroad, but in the same capacity, and had been fully warned of the dangers incident to such employment, and, according to his own testimony, his father had warned him. These facts distinguish the Anderson Case from the instant case. In disposing of the appeal in that case the court said that there was nothing to show that the boy was not possessed of sufficient discretion to enable him to fully appreciate the dangers of the service. In the instant case it appears that the plaintiff was inclined to be careless and reckless, and that this was known to Pogenphol. The appellee also cites the case of St. Louis & Southwestern Ry. Co. v. Shiflet, 94 Tex. 131, 58 S. W. 945. One ground upon which the judgment in that case was reversed is that there was no evidence to sustain the finding that the boy was without sufficient discretion and judgment to understand and appreciate the danger of his position. The case of Stamford Oil Mill Co. v. Barnes, 103 Tex. 409, 128 S. W. 375, 31 L. R. A. (N. S.) 1218, Ann. Cas. 1913A, 111, is not one involving the relation of master and servant, and is therefore not authority in this case.

[2, 3] Appellee insists that the rule which requires the master to exercise reasonable care to provide a safe place in which the servant is to work does not apply to this case, because the telegraph company exercised no dominion over the alley and street. Pogenphol, manager of the company, required the messenger boys to keep their bicycles in the alley until they were called to deliver a message. The record does not inform us just how the company obtained the right to so use the alley, but, whether its use was in virtue of a contract with the city, or was merely permissive, the result is the same. When an employer undertakes to do work upon the premises of another, and directs and controls the work, the general rule of liability applies and he must exercise the same degree of care for the safety of his employees that the law demands of him if the employees were working upon his own premises. While in the nature of things he could not render the street and alley safe by stopping the passage of vehicles, the company had knowingly located its office upon one of the business thoroughfares in the city, fully understanding that its employees, minors, must use it in the course of their employment. The fact that the street was used by many autos, and must necessarily be used by the messenger boys in the service of the com-

pany, imposed upon the latter the greater duty of fully warning the boys, and so directing their work as to minimize, if possible, the dangers. When the work is accompanied by unusual dangers and risks known to the employer, he must safeguard his employees by adopting approved methods of doing the work, and the promulgation of such rules and regulations as tend to lessen the danger, and this is especially so where the safety of minors is involved. In such case the employer should see that the rules are enforced. 26 Cyc. 1157–1159. It was shown that Pogenphol had made and posted a rule to the effect that the messenger boys should not mount their bicycles until they were out in the street, but it is contended that this rule was not promulgated until after plaintiff was injured.

We think under all the evidence the court should have submitted to the jury the issue as to whether the failure on the part of the telegraph company to fully warn the plaintiff was the proximate cause of the injury. Greenville Oil & Cotton Co. v. Harkey, 20 Tex. Civ. App. 225, 48 S. W. 1005; Galveston, etc., R. R. Co. v. Murphy, 52 Tex. Civ. App. 420, 114 S. W. 443; T. & N. O. Ry. Co. v. Plummer, 57 Tex. Civ. App. 563, 122 S. W. 942. The matters complained of in the subsequent assignments, if error, will probably not arise upon another trial.

Because of the action of the court in directing a verdict for the telegraph company, the judgment is reversed, and the cause remanded.